**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LORI WALTON,

          Plaintiff,          CIVIL ACTION NO. 08-CV-15084

  VS.                         DISTRICT JUDGE STEPHEN J. MURPHY, III

BEST BUY COMPANY,        MAGISTRATE JUDGE MONA K. MAJZOUB
INC., and BEST BUY
STORES, L.P.,

          Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL COMPLETE RESPONSES TO DISCOVERY REQUESTS AND AMEND SUMMARY JUDGMENT BRIEFING SCHEDULE (DOCKET NO. 24) AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES (DOCKET NO. 26)

These matters come before the Court on two motions. The first motion is Plaintiff's Motion To Compel Complete Responses To Discovery Requests And Amend Summary Judgment Briefing Schedule filed on November 10, 2009[1]. (Docket no. 24). Defendant filed a Response on November 24, 2009. (Docket no. 35). The parties filed a Joint List Of Unresolved Issues on December 21, 2009. (Docket no. 46). Defendant filed a Supplement To Joint List Of Unresolved Issues on December 23, 2009. (Docket no. 47). The second motion is Defendant's Motion To Exclude Plaintiff's Expert Witnesses filed on November 16, 2009. (Docket no. 26). Plaintiff filed a Response Opposing Defendants' (sic) Motion on November 30, 2009. (Docket no. 39). Defendant filed a Reply Brief on December 4, 2009. (Docket no. 41). The parties filed a Joint List Of

---

[1]The District Court entered an order on November 23, 2009 denying Plaintiff's Motion To Amend Briefing Schedule which appears in her Motion at docket no. 24. Therefore, that issue is resolved. (Docket no. 30).

Unresolved Issues on December 18, 2009. (Docket no. 44). These matters were referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 25, 27). The matters being fully briefed, the Court dispenses with oral argument. (Docket nos. 28, 29). E.D. Mich. LR 7.1(f). The matters are ready for ruling.

**I.     Facts and Claims**

Plaintiff is an employee of Defendant and brings this action alleging "sex plus" discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991 and Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws Ann. § 37.2201 et seq. Plaintiff alleges harassment and disparate treatment as a pregnant female employee and as a female employee with children. (Docket no. 1).

**II.    Plaintiff's Motion To Compel Complete Responses To Discovery Requests (Docket no. 24)**

Plaintiff served her Second Interrogatories And Requests For Production Of Documents To Defendants on October 7, 2009. (Docket no. 24-2). Defendant served Responses and Answers on November 9, 2009. (Docket no. 24-3). Plaintiff alleges that the responses and answers are insufficient. According to the parties' Joint List of Unresolved Issues, they have resolved Request for Production Nos. 3 and 13 and Interrogatory No. 6. (Docket no. 46). The unresolved issues are Request for Production Nos. 1, 2 and 4-12 and Interrogatory Nos. 2, 4 and 5. (Docket no. 46).

**A.     Relevance**

Pursuant to Rule 26, Fed. R. Civ. P., a party may seek discovery "regarding any non-privileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P.

26(b)(1). Despite Defendant's general objections to relevance, the Court finds that most of the Requests and Interrogatories remaining at issue are relevant to Plaintiff's claim.

The Courts finds that Request for Production No. 12 is not relevant. It asks for "a copy of all IA's (Inventory Adjustments) for the stores in District 16 for the period October 15, 2006 through November 1, 2007." (Docket no. 24-3). Defendant with its Response Brief produced a copy of an IA and it does not mention anything related to employees. There appears to be no relevance to Plaintiff's claims or the defenses in this matter and the Court will deny Plaintiff's motion to compel as to Request for Production No. 12. Fed. R. Civ. P. 26(b)(1).

The Court also notes that Request for Production Nos. 9 and 10 are exactly the same. The Court will deny Plaintiff's motion to compel as to Request for Production No. 10 and strike the Request as duplicative.

### B. Requests for Production

Plaintiff alleges that several of Defendant's responses to the Requests for Production were incomplete, evasive and non-responsive. (Docket no. 24). Pursuant to Rule 34, Fed. R. Civ. P., "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party . . . to inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control . . . ." Fed. R. Civ. P. 34(a)(1). "The word 'control' is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain upon demand." *Scott v. AREX, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989).

In response to Request for Production Nos. 1 and 4-9, Defendant takes the position that it does not have the documents or has otherwise produced the only responsive documents which it

3

has[2]. Plaintiff argues with respect to Request Nos. 4-8 that Defendant produced some documents, but failed to produce documents responsive to all of the dates sought by Plaintiff's Requests. In response to Request for Production No. 9, Defendant took the additional step of filing with this Court an affidavit of its employee stating that Defendant Best Buy "decommissioned its use of the National Scorecard system in approximately 2007 and as a result Best Buy has not retained the National Scorecards." (Docket no. 47-2).

The Court will order Defendant to serve amended or supplemental responses to Requests for Production Nos. 1 and 4-9, pursuant to Fed. R. Civ. P. 26(e)(1)(B) and 34(b)(2), and clearly state whether or not it has responsive documents, produce all responsive documents and state whether or not it has produced all of the responsive documents within its "possession, custody or control."

Request for Production No. 2 asks for copies of "all documents (time/activity logs, sign-in sheets, etc.) which reflect the work schedule (days of week & shift) for each individual identified in Interrogatory No. 3 for October 15, 2006 through November 1, 2007." (Docket no. 24-3). Defendant objected that the request was overly broad, unduly burdensome and irrelevant. Defendant in the Joint List argues that the work schedules of the individuals were set by the General Manager

---

[2] Request for Production No. 1 seeks all "Performance Improvement Plans (PIP) and/or Action Plans issued by Melanie Cornell since January 1, 2004, and all supporting documentation, including but not limited to all weekly or other reviews conducted as part of the PIP or Action Plan." (Docket no. 24-3).
  Request for Production Nos. 4-8 seek documents relating to scorecards, inventory adjustments and SOP assessments for the Madison Heights and Farmington Hills stores. Despite the Court's finding that the Inventory Adjustments for all of the stores in District 16 are not relevant, Defendant has already agreed to produce them for the Madison Heights and Farmington Hills stores in response to Request for Production Nos. 4 and 5.
  Request for Production No. 9 seeks copies of all "National Flash scorecards, including steps and breakdowns, for the Madison Heights store (414) for the periods July 1, 2004 through October 15, 2006 and November 1, 2007 through present." (Docket no. 24-3).

4

at each store and varied with the needs of the business and employees and Defendant concludes that "it would be impossible to produce a single document which would show the schedule worked by any particular individual day in and day out, week after week, for the 13-month period requested." Defendant argues that typically, the Product Process Manager's (PPM) schedule is written on a template, over which the new schedule is written and the old one deleted each week. Defendant states that it cannot produce the documents which Plaintiff seeks.

Plaintiff has not asked for a "single document" which details the PPM's work schedule(s). Defendant has not stated whether or not it has the documents which Plaintiff seeks within its possession, custody or control. The documents are relevant, they are limited to only 17 current and past PPMs and the Court will order Defendant to amend or supplement its Response to Request for Production No. 2 to produce the documents, state whether it has produced all responsive documents within its possession, custody or control and state what steps it took to locate the documents.

Request for Production no. 11 asks for a "copy of all CMA Overall Roll-Up Reports (Scorecards) for the stores in District 16 for the period of October 15, 2006 through November 1, 2007." (Docket no. 24-3). Defendant argues that it has produced scorecards for the employees in the Madison Heights store and the Farmington Hills store and that the request for scorecards of employees in eight other stores is overly broad and seeks information not relevant to Plaintiff's claims. (Docket no. 46). Plaintiff argues that the scorecards would permit her to directly compare her job performance to that of comparable employees district-wide and substantiate her claim that other employees were not held to the same performance standards as she. (Docket no. 46). The Court finds that the information is relevant or reasonably calculated to lead to the discovery of

admissible evidence, is reasonably limited to the district within which Plaintiff worked and therefor it will order Defendant to produce the requested documents.

### C. Plaintiff's Interrogatories

Plaintiff argues that Defendant's answers to Interrogatory Nos. 2, 4 and 5 are incomplete, evasive and non-responsive.

Interrogatory No. 2 asks that "[w]ith respect to each PIP or Action Plan produced in response to the above Request for Production [No. 1], please state whether the PIP or Action Plan resulted in termination for the employee." (Docket no. 24-3). Defendant initially answered that the Interrogatory was overly broad, unduly burdensome, seeks irrelevant information, and seeks confidential and proprietary personnel information[3]. "[U]nder federal law there is no general privilege for personnel files." *See Watts v. Kimmerly*, 1996 U.S. Dist. LEXIS 6203 at *8 (W.D. Mich. Apr. 12, 1996).

In the Joint List, Plaintiff argues that Defendant produced PIP information for only one male employee. Defendant argues that it has searched its records and that only one PIP was issued by Mr. Cornell during the relevant time frame[4]. The Court will order Defendant to serve a complete and amended or supplemental answer to Interrogatory No. 2 based on Defendant's response to Request for Production No. 1.

---

[3] The Court notes that a stipulated protective order was already entered in this case. (Docket no. 12).

[4] Plaintiff's argument that Ms. Cornell speculated in her deposition that she may have issued "more than ten" PIP's is not persuasive for purposes of this Motion to Compel. (Docket no. 24-4). She first stated that she had "no idea" how many PIP's she had issued and that she could not "even ballpark it"; when she was first asked if it was more than ten, she stated, "I don't know honestly." (Docket no. 24-4).

6

Interrogatory No. 4 asks Defendant to state "the work schedule (days of the week & shift) for each individual [Product Process Managers in District 16] identified in the above Interrogatory [No. 3] for the period October 15, 2006 through November 1, 2007." (Docket no. 24-3). Defendant answered with objections that the Interrogatory was overly broad, unduly burdensome and seeks irrelevant information. Defendant stated that "Product Process Manager's (sic) work schedules were set by the General Manager at each store and varied consistent with the needs of the business and the employees." (Docket no. 24-3). The Court agrees with Plaintiff's argument that the Interrogatory is relevant to her claim that comparable employees were allowed to work a weekday, dayshift schedule and that when she requested the same, she was told that Product Process Managers were not allowed to work such a schedule. (Docket no. 24). The Court will order Defendant to answer the Interrogatory in full or, to the extent that Defendant does not have this information, to state in detail the steps taken to obtain the information.

Interrogatory No. 5 (there are two number 5's, this is the second number 5) asks Defendant to state whether from January 2004 to the present, "any past or present employee of Defendant within District 16, District 17 or District 49 has filed litigation, an administrative (e.g., EEOC) complaint or an internal complaint relating to or arising out of a claim of wrongful discharge or discrimination based on sex (including gender discrimination), family status and/or pregnancy" and asks for specific information related to the claim. (Docket no. 24-3). Defendant objects that the request is overly broad, unduly burdensome and seeks irrelevant information. Defendant also argues that because Plaintiff has alleged "sex plus" discrimination, Plaintiff should be limited to similar law suits and any other lawsuit is not relevant to her claims. The requested evidence may be relevant. "Courts have agreed that sex plus discrimination is ultimately premised on sex . . . ." *Gee-Thomas*

*v. Cingular Wireless*, 324 F. Supp. 2d 875, 882 (M.D. Tenn. 2004). "The Court is guided by the strong, overarching policy of allowing liberal discovery." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). Plaintiff's request is overly broad, however, where it seeks information from three districts without explaining the relevance of such a broad sweep. The Court will order Defendant to answer the second Interrogatory No. 5 in full for District 16, consistent with the other Interrogatories and the district in which Plaintiff was employed.

### D. Attorneys Fees and Costs

The Court will deny Plaintiff's request for attorneys fees and costs, finding that a number of Defendant's objections and answers were substantially justified and the circumstances of the motion and discovery requests make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

### III. Defendant's Motion To Exclude Plaintiff's Expert Witnesses (Docket no. 26)

Defendant brings its Motion seeking to exclude two of Plaintiff's expert witnesses: Michael H. Thomson, Ph.D., an economic damages expert, and Dr. Gerald Sheiner, a psychological damages expert which Plaintiff named at the time the parties conferred regarding the Joint Statement. (Docket no. 44). The Court's February 18, 2009 Scheduling Order provides that Rule 26(a)(2) expert witness disclosures must be made "by 90 days before the trial date, or 30 days for pure rebuttal witnesses, unless the parties stipulate otherwise." (Docket no. 11). The case was scheduled for trial for a sixty-day lagging trial docket dated February 2, 2010. (Docket no. 11). On August 20, 2009 the Court entered the parties' Stipulated Order Extending Discovery which set a new discovery completion date and deadline for filing dispositive motions for November 6, 2009. (Docket no. 17).

8

Plaintiff filed an Expert Witness List on November 4, 2009 and identified Michael H. Thomson, Ph.D., as her economic expert and listed a psychological damages expert "to be named" and an expert on discrimination in corporate culture "to be named." (Docket no. 19). The parties provide in their Joint List of Unresolved Issues that the issue of the expert on discrimination in corporate culture had been resolved. (Docket no. 44). Defendant argues that Plaintiff failed to make any of the required disclosures when she named Dr. Thomson in the November 4, 2009 Expert Witness List and she failed to identify the psychological damages expert. (Docket no. 26). Plaintiff argues that she disclosed her intent to name these experts in her July 31, 2009 witness list. (Docket no. 39). Plaintiff also points out that "it is not unusual for experts to formulate their opinion and be deposed once all discovery had been conducted."[5] (Docket no. 39).

"District courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000); *Vujcevic v. Oglebay Norton Marine Servs. Co.*, 2007 WL 4181555, slip copy at *2 (E.D. Mich. Nov. 27, 2007). Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose the identity of any witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705. Rule 26(a)(2)(B) provides that an

---

[5]Plaintiff also argues that despite Defendant being on notice that she was going to name these experts "Defendants never before submitted any discovery requesting the identity, background, subject matter or opinions of Plaintiff's experts." (Docket no. 39). Not only is this not an excuse for failing to meet the disclosure requirements of both the Federal Rules of Civil Procedure and the Court's Scheduling Order, but, as Defendant points out, Plaintiff's statement is incorrect. Defendant did seek this information by its discovery requests served in March 2009. (Docket no. 41-4).
    Similarly, Plaintiff's argument that Defendant identified its experts only as "to be named" is unpersuasive. Defendant points out that its experts are rebuttal experts and subject to a different disclosure deadline under both the Federal Rules and the Scheduling Order. Fed. R. Civ. P. 26(a)(2)(C).

9

individual retained to provide expert testimony shall provide a written report that contains the following:

> (i )a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used . . . ; (iv) the witness' qualifications . . . ; (v) a list of all other cases in which the witness testified as an expert . . . ; and (vi) a statement of the compensation to be paid.

The Rule also provides that these disclosures must occur at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(C). These disclosures must be supplemented when required under Fed. R. Civ. P. 26(e). Rule 26(e)(2) states that for expert witnesses, the party's duty to supplement extends to information included in the expert report and to information given during the expert's deposition. Any additions or changes are required to be made by the time the party's pretrial disclosures under Rule 26(a)(3) are due. Fed. R. Civ. P. 26(e)(2).

Rule 37(c), Fed. R. Civ. P., provides sanctions for failing to disclose or supplement an earlier disclosure. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 26(a)(2)(A) and the Court's scheduling order of February 18, 2009 clearly required Plaintiff to provide the identity of expert witnesses he may use at trial by November 4, 2009. (Docket no. 28). Plaintiff's listing of only the categories for which she may use expert witnesses at trial does not satisfy Rule 26(a)(2)(A). Plaintiff also failed to provide a written reports for the single expert which she identified by name. Accordingly, Plaintiff's later disclosure of the identity of the psychological damages expert at a conference between the parties was an untimely disclosure

10

and her disclosure of Dr. Thomson did not comport with the Rules or the Court's Order. To date, Plaintiff has not supplemented or amended to expert witness list to formally name the psychological damages expert, Dr. Sheiner.

The allowable sanction for Plaintiff's violation of Rule 26(a) is found in Rule 37(c)(1). The party is not allowed to use the witness to supply evidence at trial unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). This sanction has been described as "automatic" in order to provide a strong inducement for disclosure of material. *Vaughn v. Homegoods, Inc.*, 2008 WL 4239505, slip copy at *3 (E.D. Mich. Sept. 11, 2008). The potentially sanctioned party has the burden of proving that the failure to disclose was substantially justified or harmless. *Id.*

Plaintiff generally argues that her failure is harmless because Defendant "would still be allowed to depose the experts and have their own experts prepare 'rebuttal' reports" and "it is within the Court's discretion to grant a continuance of the time for Defendants to produce their expert reports to cure any potential prejudice to Defendants from producing the reports by January 1, 2010." (Docket no. 44). In the December 18, 2009 Joint List of Unresolved Issues, Plaintiff argues that "reports from both experts would be produced to Defendants within two (2) weeks and that both experts would be made available for deposition by Defendants after the reports are produced." (Docket no. 44).

In this instance, discovery was extended for nearly seven weeks, from September 22, 2009 to November 6, 2009, which did not account for completion of discovery prior to submission of expert reports. (Docket nos. 11, 17). As set forth above, some discovery remains outstanding. The Court also notes that the trial did not convene on February 2, 2010. For these reasons, the Court finds that Plaintiff's failure to produce the expert reports for both of the remaining experts on

November 4, 2009 was harmless and Defendant has time to depose Plaintiff's experts and name rebuttal experts prior to trial. Plaintiff represented in the December 18, 2009 Joint List that "reports from both experts would be produced to Defendants within two (2) weeks." (Docket no. 44). The Court will therefore deny Defendant's Motion To Exclude Plaintiff's Expert Witnesses without prejudice, in part in reliance on Plaintiff's statement in the Joint List that she was going to produce the reports within two weeks of December 18, 2009, and that the reports from both experts would have been produced by the date of this Order. The Court will not, however, with this Order, extend the time for Plaintiff to submit the expert reports to the extent that the same has not yet occurred.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel Complete Responses To Discovery Request And Amend Summary Judgment Briefing Schedule (docket no. 24) is **GRANTED** in part and Defendant will serve on Plaintiff within 14 days of entry of this Order amended and/or supplemental answers to Interrogatory Nos. 2, 4, and 5 and Request for Production Nos. 1, 2, 4-9 and 11 as set forth herein.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's Motion To Compel (docket no. 24) is **DENIED** including Plaintiff's motion as to Request for Production Nos. 10 and 12 and Plaintiff's request for attorneys fees and costs.

**IT IS FURTHER ORDERED** that Defendant's Motion To Exclude Plaintiff's Expert Witnesses (docket no. 26) is **DENIED** without prejudice and Defendant has 21 days from entry of this Order to depose Plaintiff's experts.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: April 14, 2010         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 14, 2010         s/ Lisa C. Bartlett
                              Case Manager