**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LORI WALTON,

        Plaintiff,                  CIVIL ACTION NO. 08-CV-15084

  VS.                               DISTRICT JUDGE STEPHEN J. MURPHY, III

BEST BUY COMPANY,        MAGISTRATE JUDGE MONA K. MAJZOUB
INC., and BEST BUY
STORES, L.P.,

        Defendants.
                                    /

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF ITS MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS (DOCKET NO. 51) AND DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES (DOCKET NO. 55)**

These matters come before the Court on two motions. The first motion is Defendant's Motion For Reconsideration Of Its Motion To Exclude Plaintiff's Expert Witnesses filed on April 23, 2010. (Docket no. 51). Plaintiff filed a Response To Defendant's Motion For Reconsideration Of Motion To Exclude Plaintiff's Expert Witnesses on May 7, 2010. (Docket no. 53). Defendant filed a Motion To Strike Plaintiff's Response To Defendant's Motion For Reconsideration Of Defendant's Motion To Exclude Plaintiff's Expert Witnesses on May 11, 2010. (Docket no. 55). Plaintiff field a Response To Defendant's Motion To Strike Plaintiff's Response To Defendant's Motion For Reconsideration Of Defendant's Motion To Exclude Plaintiff's Expert Witness on May 25, 2010. (Docket no. 58). These matters were referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 52, 56). The matters being fully briefed, the Court dispenses with oral argument. E.D. Mich. LR 7.1(f). (Docket no. 54).

Defendant filed its Motion For Reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h) under which a party can filed a motion for rehearing or reconsideration within 14 days of entry of a judgment or order[1]. E.D. Mich. LR 7.1(h). Local Rule 7.1(h)(2) does not permit a response or hearing on the motion for reconsideration unless the court orders otherwise. Plaintiff in her Response to Defendant's Motion For Reconsideration asks the Court to consider her Response. The Court exercises its discretion pursuant to E.D. Mich. LR 7.1(h)(2) and will allow Plaintiff's Response (docket no. 53) and will consider it herein. Defendants' Motion To Strike Plaintiff's Response (docket no. 55) will be denied.

Defendant brings its Motion For Reconsideration of the Court's April 14, 2010 Order Denying Without Prejudice Defendant's Motion To Exclude Plaintiff's Expert Witnesses (docket no. 26). Docket no. 50. As Defendant points out in its Motion For Reconsideration, the Court denied Defendant's Motion (docket no. 26) and found "that Plaintiff's failure to produce expert reports for both of the remaining experts on November 4, 2009 was harmless and Defendant has time to depose Plaintiff's experts and name rebuttal experts prior to trial." (Docket no. 50). The Court explicitly made this finding by relying in part on Plaintiff's statement in the Joint List of Unresolved Issues that "reports from both experts would be produced to Defendants within two (2) weeks." (Docket no. 44, 50). The Court's Order further stated that it would not "extend the time for Plaintiff to submit the expert reports to the extent that the same has not yet occurred." (Docket no. 50). Defendant files its Motion for Reconsideration alleging that Plaintiff never produced the expert reports as represented in the Joint List.

---

[1]Both parties refer to E.D. Mich. LR 7.1(g), but the Local Rules were amended March 1, 2010 and the provisions for motions for rehearing or reconsideration are at sub-section 7.1(h).

Local Rule 7.1(h) provides that in a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." The Court finds that Defendant has met this burden. Plaintiff's failure to have produced the expert reports as represented in the Joint List or at any time prior to the entry of the Court's April 14, 2010 Order constitutes a defect by which the Court was misled in its prior order and reconsideration of the issue is appropriate in light of the April 14, 2010 Order and the expert reports not yet having been produced results in a different disposition of the matter.

The Court does not find persuasive Plaintiff's new argument and explanation that the expert reports were not obtained and produced as represented in the Joint List due to the costs of the experts' evaluations and Plaintiff's speculation that her case would likely be dismissed on summary judgment if the Court did not compel Defendants to supplement their discovery[2]. Neither is it persuasive that Plaintiff now seeks to use only one expert instead of two, so Defendant will not be prejudiced because it now has to depose only one expert nor that the trial date has been adjourned.

For the reasons set forth herein and the legal authority set forth in the Court's Order Denying Without Prejudice Defendant's Motion To Exclude Plaintiff's Expert Witnesses (docket no. 50), the Court reconsiders its prior Order (docket no. 50) and will grant Defendant's Motion To Exclude Plaintiff's Expert Witnesses (docket no. 26).

---

[2]The Court notes that Plaintiff does not allege that the discovery she sought was necessary to the experts' evaluations.

**IT IS THEREFORE ORDERED** that Plaintiff's request that the Court permit the filing of and consider her Response To Defendant's Motion For Reconsideration (docket no. 53) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion To Strike Plaintiff's Response To Defendant's Motion For Reconsideration (docket no. 55) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion For Reconsideration Of Its Motion To Exclude Plaintiff's Expert Witnesses (docket no. 51) is **GRANTED** and Plaintiff is excluded from calling Michael H. Thomson, Ph.D. and Dr. Gerald Shiner as expert witnesses.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 2, 2010
s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 2, 2010
s/ Lisa C. Bartlett
Case Manager

4